# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSIE YOUNG, )<br><br>Plaintiff )<br><br>v. )<br><br>UNITED RECEIVABLES GROUP, )<br>LLC, )<br><br>Defendant )  | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

JESSIE YOUNG ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED RECEIVABLES GROUP ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3.      Defendant conducts business and maintains an office in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Boston, Massachusetts 02118.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.   15 U.S.C. § 1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a debt collection company with its corporate headquarters located at 572 John Ross Parkway, Suite 107, Rock Hill, South Carolina 29730.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times herein, Defendant was attempting to collect a

PLAINTIFF'S COMPLAINT

consumer debt and contacted Plaintiff in an attempt to collect that debt

12.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

14.     Beginning in or before November 2014, and continuing through April 2015, Defendant contacted Plaintiff's cellular on a repetitive and continuous basis in an attempt to collect an alleged debt.

15.     Plaintiff does not owe the debt that Defendant was attempting to collect.

16.     In its calls, Defendant identified that it was calling in an attempt to collect a debt of an individual named "Oliver Bolivar."

17.     Plaintiff is not "Oliver Bolivar."

18.     In or around December 2014, Plaintiff spoke with Defendant and told them to stop calling him.

19.     Defendant failed to update its records to avoid the further harassment of Plaintiff.

PLAINTIFF'S COMPLAINT

20.     Instead, Defendant persisted in calling Plaintiff about a debt of another person.

21.     Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing, knowing that Plaintiff did not want to be called.

22.     Further, Defendant threatened to file suit against Plaintiff and falsely claimed that he would be arrested.

23.     Failure to pay a debt is not a criminal offense, and Plaintiff cannot be arrested for a debt that is not his.

24.     Additionally, not only did Defendant not intend to file suit against Plaintiff, it legally could not file suit against him as he is not the debtor.

25.     By continuously calling over a debt he did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which has the natural consequences of harassing the recipient.

26.     Plaintiff has spent time and effort dealing with these calls and trying to stop the collection calls to him for another person.

27.     Finally, in an effort to stop the collection calls, Plaintiff had to retain counsel to assist him, as Defendant would not adhere to his instructions to cease contacting him.

28.     Defendant's actions as described herein were made with the intent to harass, upset, and abuse Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

29.     Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

      a.     A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

      b.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

      c.     Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuing to call Plaintiff after being told to stop calling.

### COUNT II

30.     Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(7) and 1692e(10).

      a.     A debt collector violates § 1692e of the FDCPA by using any

5

false, deceptive, or misleading representation or means in connection with the collection of any debt.

b.  A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c.  A debt collector violates § 1692e(7) of the FDCPA by falsely representing or implicating that the consumer committed any crime or other conduct in order to disgrace the consumer.

d.  A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e.  Here, Defendant violated §§ 1692e, 1692e(5), 1692e(7), and 1692e(10) of the FDCPA by threatening to file suit against Plaintiff, when it did not intend to take the threatened action and legally could not take the threatened action, as well as falsely implying that Plaintiff committed a crime for not paying another person's debt.

## COUNT III

PLAINTIFF'S COMPLAINT

31.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.    Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling.

WHEREFORE, Plaintiff, JESSIE YOUNG, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JESSIE YOUNG, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,


By:  _/s/ Craig Thor Kimmel_____
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
kimmel@creditlaw.com

Dated:  12-17-15

PLAINTIFF'S COMPLAINT